UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | | |
|---|---|---|
| JAMES WAYNE DAVIS, JR.<br>Institutional ID No. 22869-077,<br><br>Plaintiff,<br><br>v.<br><br>CAPTAIN TODD ALLEN, *et. al.*,<br><br>Defendants. | § § § § § § § § § § § | <br><br><br><br><br>CIVIL ACTION NO.<br>6:12-CV-00033<br>ECF<br><br>Assigned to U.S. Magistrate Judge |

## MEMORANDUM OPINION AND ORDER

Plaintiff James Wayne Davis, Jr., who is proceeding *pro se*, filed his complaint under 42 U.S.C. § 1983 on March 16, 2012. (Doc. 1). He consented, (Doc. 4), to having the United States magistrate judge conduct all proceedings in this case pursuant to 28 U.S.C. § 636(c). He filed an amended complaint, (Doc. 9), on June 4, 2012. Davis' case was reassigned to the U.S. magistrate judge on June 22, 2012. (Doc. 6). This court ordered, (Doc. 9), an evidentiary hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). On August 14, 2012, Davis was released from jail and planned to move to Minden, Louisiana. (Doc. 10) On August 29, 2012, Davis testified at his evidentiary hearing in San Angelo, Texas. (Doc. 11).

Davis was confined at all times relevant to the claims in his amended complaint at Tom Green County Jail in San Angelo, TX. Defendants in this case include Captain Told Allen, Nurse Kathy Halfman, and Chad Shaw, all affiliated with the Tom Green County Jail.

Davis is seeking injunctive relief requiring better training of jail personnel, and award of $175,000 in damages.

1

## I. FACTUAL BACKGROUND

In his amended complaint, Davis alleges that:

(1) He is disabled and cannot walk in shackles, yet was forced to do so.

(2) He was denied prosthetic [*sic*] shoes by Nurse Kathy Halfman for a while until she relented.

(3) Davis was disciplined by being placed in lockup for his noncompliance regarding shackles.

## II. ANALYSIS

In both proceedings *in forma pauperis* and civil actions brought by a prisoner against a governmental entity, officer, or employee, the court is required under 28 U.S.C. §§ 1915-1915A to dismiss the complaint or any portion of the complaint if the complaint is frivolous or malicious or fails to state a claim on which relief may be granted. These provisions apply to this *in forma pauperis* prisoner civil rights action. *Harris v. Hegmann,* 198 F.3d 153, 156 (5th Cir. 1999). "An [*in forma pauperis*] complaint may be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) if it has no arguable basis in law or in fact." *Ruiz v. United States,* 160 F.3d 273, 274-75 (5th Cir. 1998). A claim has no arguable basis in law or fact if it is based on an indisputably meritless legal theory or if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless. *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998). The court is authorized *sua sponte* to test whether the case is frivolous or malicious even before the service of process or before an answer is required to be filed. *Ali v. Higgs,* 892 F.2d 438, 440 (5th Cir. 1990); *see also* 42 U.S.C. § 1997e(c)(1). A questionnaire or evidentiary hearing may be used to assist the court in determining whether the case should be dismissed under these provisions. *See Watson v. Ault,* 525 F.2d 886, 892 (5th Cir. 1976) (use of questionnaire to develop the factual basis of the plaintiff's complaint); *Spears,* 766 F.2d 179 (use of an evidentiary hearing).

The court has reviewed Plaintiff's arguments and assertions in his complaint to determine whether Plaintiff's allegations establish grounds for dismissal or present cognizable claims which require the Defendants to answer and the case to proceed.

**A. Official Capacity Claims**

It is unclear whether Davis is suing Defendants in their official or individual capacities. As to claims against Defendants in their official capacities, the Eleventh Amendment bars claims against a state brought pursuant to 42 U.S.C. § 1983. *Aguilar v. Tex. Dep't of Crim. Justice, Institutional Div.*, 160 F.3d 1052, 1054 (5th Cir. 1998) (citing *Farias v. Bexar County Bd. of Trustees for Mental Health Mental Retardation Servs.*, 925 F.2d 866, 875 n.9 (5th Cir. 1991)). A state's sovereign immunity is not waived for claims pursuant to § 1983. *Id.* (citing *Quern v. Jordan*, 440 U.S. 332, 338 n.7 (1979)). Moreover, the State of Texas has not consented to this suit. *Id.* (citing *Emory v. Tex. State Bd. of Med. Exam'rs*, 748 F.2d 1023, 1025 (5th Cir. 1984)). Federal claims against state employees in their official capacities are the equivalent of suits against the state. *Ganther v. Ingle*, 75 F.3d 207, 209 (5th Cir. 1996). The Eleventh Amendment immunity thus extends to Tom Green County Jail officers acting in their official capacity. *Aguilar*, 160 F.3d at 1054.

In *Ex Parte Young*, 209 U.S. 123 (1908), the Supreme Court carved out an exception to Eleventh Amendment immunity noting that a state cannot confer authority on its officers to violate the Constitution or federal law. *See Aguilar*, 160 F.3d at 1054. However, under this exception an individual official may be liable only for implementing a policy that is "itself [ ] a repudiation of constitutional rights" and "the moving force of the constitutional violation." *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002) (citing *Grandstaff v. City of Borger*, 767 F.2d 161, 169, 170 (5th Cir. 1985)).

Insofar as Davis is suing Defendants in their official capacities, the court finds that all of his claims should be **DISMISSED WITH PREJUDICE AS FRIVOLOUS.**

## B. Conditions of Confinement Claim

Davis complains of being required to wear shackles despite his disability. The use of shackles is a restraint commonly used on inmates, even those of preferred status. *Jackson v. Cain*, 864 F.2d 1235, 1243 (5th Cir.1989). Assuming use of restraints impinged on Davis' constitutional rights, it is valid if reasonably related to legitimate penological interests. *See id.* at 1248.

Further, under the Eighth Amendment, prison officials are required to provide humane conditions of confinement, ensuring that inmates receive adequate food, clothing, shelter and medical care, and must take reasonable measures to guarantee safety of inmates. *See Farmer v. Brennan*, 511 U.S. 825 (1994). An Eighth Amendment claim has two required components. *See Wilson v. Seiter*, 501 U.S. 294, 298 (1991). First, the deprivation alleged must be sufficiently serious. *See id.* "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave" to constitute cruel and unusual punishment. *Id.* (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). Second, the prison official must have acted with a sufficiently culpable state of mind. *See id.* at 305; *Farmer*, 511 U.S. at 838. In prison condition of confinement cases, that state of mind is deliberate indifference, which the Supreme Court defined as knowing of and disregarding an excessive risk to inmate health or safety. *See id.* at 838-39. However, mere neglect and/or negligence do not constitute deliberate indifference. *See Fielder v. Bosshard*, 590 F.2d 105, 107 (5th Cir.1997).

In this case, after a thorough review of Davis' complaint, read in a light most favorable to him, the court finds that the facts alleged do not support a finding that the Defendants' conduct was

deliberately indifferent when Davis was required to wear shackles. *See Wilson*, 501 U.S. at 298. The court also finds that the facts alleged do not support a finding that the defendants' conduct was sufficiently harmful enough to deprive him of life's basic necessities. *See Wilson*, 501 U.S. at 298. Although Davis claims that he fell while shackled, the court finds that having an inmate wear shackles does not create a substantial risk of serious harm. Thus, Davis' conditions of confinement claim has failed to satisfy the first and second component of an Eighth Amendment claim.

Also, even if a constitutional right had been violated, the Defendants' conduct would be valid if related to a legitimate penological interest in the use of shackles. *Jackson*, 864 F.2d at 1248. Accordingly, Davis' claim regarding the conditions of his confinement should be **DISMISSED WITH PREJUDICE AS FRIVOLOUS**.

**C. Inadequate Medical Care**

In the context of medical care, or lack of care, the Eighth Amendment prohibits the unnecessary and wanton infliction of pain or care repugnant to the conscience of mankind. *Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976). Not every claim of inadequate or improper medical treatment is a violation of the Constitution. *Estelle*, 429 U.S. at 105-07. In order to state a cognizable claim, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id.* at 106. The deliberate indifference requirement is more than mere negligence in failing to supply medical treatment. *Gibbs v. Grimmette*, 254 F.3d 545, 549 (5th Cir. 2001). A complaint "that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Hall v. Thomas*, 190 F.3d 693, 697 (5th Cir. 1999) (citing *Estelle*, 429 U.S. at 105). Neither "'negligence, neglect or medical malpractice'" gives rise to a § 1983 cause of action.

*Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991) (citing *Johnson*, 759 F.2d at 1238). "[N]egligent or mistaken medical treatment or judgment does not implicate the Eighth Amendment and does not provide the basis for a civil rights action." *Graves v. Hampton*, 1 F.3d 315, 319 (5th Cir. 1993). A negligent or "inadvertent failure to provide adequate medical care cannot be said to constitute 'an unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind.'" *Estelle*, 429 U.S. at 105-06. While inadequate treatment "may, at a certain point, rise to the level of a constitutional violation, malpractice or negligent care does not." *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999). Thus, mere "negligence is insufficient to support a finding of liability"; a plaintiff must show that the Defendants were "deliberately indifferent." *Adames*, 331 F.3d at 514.

Deliberate indifference is also more than disagreement between patient and doctor as to the appropriate treatment, except in exceptional circumstances. *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995) (absent exceptional circumstances, a prisoner's disagreement with his medical treatment is not actionable under § 1983). Moreover, "[u]nsuccessful medical treatment does not give rise to a § 1983 cause of action." *Varnado*, 920 F.2d at 321 (citing *Johnson*, 759 F.2d at 1238); *Fielder v. Bosshard*, 590 F.2d 105, 107 (5th Cir. 1979).

Rather, to show deliberate indifference to his serious medical needs, a plaintiff must demonstrate that prison officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Tex. Dep't of Crim. Justice*, 239 F.3d at 756 (quoting *Johnson*, 759 F.2d at 1238). Medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference. *Banuelos*, 41 F.3d at 235 (citing

6

*Mendoza v. Lynaugh*, 989 F.2d 191, 193-95 (5th Cir.1993)).

Here, Davis' complaint indicates that he was able to consult with Nurse Kathy Halfman regarding his request for prosthetic shoes. At most, accepting Davis' allegations of Nurse Kathy's initial denial of his request as true, his claim of inadequate medical care amounts to a disagreement between patient and medical professional as to appropriate treatment, which is not actionable under § 1983. *Banuelos*, 41 F.3d at 235. Accordingly, Davis' claims against Nurse Halfman and any other Defendants for inadequate medical treatment lacks an arguable basis in law or fact and the court finds that any such claims should be **DISMISSED WITH PREJUDICE AS FRIVOLOUS**.

### D. Custodial Classification Claim

Davis alleges he was deprived of due process of law when placed in lockup for noncompliance with jail policy regarding shackles. However, an inmate has no constitutionally cognizable liberty interest in his security classification. *Wilkerson v. Stalder*, 329 F.3d 431, 435-6 (5th Cir. 2003). Moreover, the protections of the Due Process Clause do not attach to a change in custodial classification. *See Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997) (The protected interest is in "the quantity of time rather than the quality of time served by a prisoner."). Thus, Davis' allegations concerning his change in classification, accepted as true, fail to state a claim upon which relief may be granted. His claims related to his custodial classification, as to all Defendants, lack an arguable basis in law or fact and should be **DISMISSED WITH PREJUDICE AS FRIVOLOUS**.

## III. CONCLUSION

The court finds that Plaintiff has failed to state a cognizable constitutional claim against Defendants in either their official or individual capacities.

**IT IS, THEREFORE, ORDERED** that all such claim(s) against any Defendant(s) are **DISMISSED WITH PREJUDICE AS FRIVOLOUS.**

Judgment shall be entered accordingly. This dismissal shall count as a qualifying dismissal under 28 U.S.C. § 1915(g) and *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996). Dismissal of this action does not release Plaintiff or the institution where he is incarcerated from the obligation to pay any filing fee previously imposed. *See Williams v. Roberts*, 116 F.3d 1126, 1128 (5th Cir. 1997).

Any pending motions are **DENIED.**

A copy of this order shall be sent by first class mail to all parties appearing *pro se* and to any attorney of record by first class mail or electronic notification.

**SO ORDERED.**

DATED this 24th day of January, 2013.

E. SCOTT FROST
**UNITED STATES MAGISTRATE JUDGE**